UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GATEKEEPER SOLUTIONS INC. § | |
| § | |
| v. § | CIVIL NO. 4:24-CV-723-SDJ |
| § | |
| DARKTRACE, INC. § | |

# ORDER

Before the Court is Defendant Darktrace, Inc.'s ("Darktrace") Motion to Stay Pending *Ex Parte* Reexamination. (Dkt. #30). Darktrace requests that the Court stay all deadlines and hearings "pending *ex parte* reexamination of the patent in suit in this case, U.S. Patent 9,032,038 (the '038 patent')." (Dkt. #30 at 1). Plaintiff Gatekeeper Solutions Inc. ("Gatekeeper") has responded and withdrawn its opposition to the stay request. (Dkt. #33).

After full consideration, the Court finds that the motion should be **GRANTED**, and the case should be **STAYED** pending the United States Patent and Trademark Office's ("PTO") reexamination of the '038 patent.

## I. BACKGROUND

The '038 patent is directed to "[a] system and method for ensuring an electronic communication sent by a user to one or more recipients is not sent to one or more inappropriate recipients." (Dkt. #1-1 at 1). Gatekeeper alleges that Darktrace directly and indirectly infringes all forty-five claims of the '038 patent. (Dkt. #1 at 4); (Dkt. #1-1 at 8).

The Court notes that discovery has not yet begun in this case. Upcoming case deadlines include the following: the claim construction hearing is scheduled for July

1

2025, (Dkt. #29 at 2), discovery is set to close in October 2025, and the final pretrial conference is scheduled for April 2026. No trial date has been set. (Dkt. #29 at 3-5). At this time, there are several motions pending before the Court, including Darktrace's Motion to Dismiss, (Dkt. #14), and Darktrace's Motion to Transfer Venue, (Dkt. #16).

Concurrent with this litigation, Unified Patents LLC requested the PTO to reexamine the '038 patent. Specifically, Unified Patents sought reexamination for claims 1–6, 10–28, and 32–45. The PTO granted the request because "multiple prior art references that had not been considered in the original prosecution of the '038 patent raised a 'substantial new question of patentability.'" (Dkt. #30 at 3) (citing (Dkt. #30-1 at 2)).

Against this backdrop, the Court considers Darktrace's motion to stay.

## II. LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). How to best manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Courts in this district consider three factors when deciding whether a stay is proper in a patent-infringement case: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have

reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2.

### III. DISCUSSION

All three factors favor granting a stay. Gatekeeper will not be unduly prejudiced, the case is in an early stage of proceedings, and there is a likelihood that the outcome of the ex parte reexamination will simplify the issues before the Court.

### A.

Beginning with the prejudice to Gatekeeper, Darktrace argues that the "only prejudice [Gatekeeper] can potentially claim is delay in the resolution of this case while the PTO completes its reexamination of the '038 patent." (Dkt. #30 at 5). And Darktrace asserts that "[t]his delay is inherent in any stay pending ex parte reexamination, and does not generally outweigh the benefits of a stay." (Dkt. #30 at 5). Gatekeeper's withdrawal of its opposition and failure to seek a preliminary injunction reinforce this position, suggesting it perceives no urgent harm.

The Court finds that a stay would not cause undue prejudice to Gatekeeper. Any delay pending the outcome of the reexamination proceeding, standing alone, does not impair Gatekeeper's ability to seek relief.

### B.

Turning to the stage of the case, this case remains in its infancy. Discovery has not commenced, claim construction is months away, the final pretrial conference is

3

about a year away, and no trial date is set. (Dkt. #29). Pending motions, including Darktrace's Motion to Dismiss, (Dkt. #14), and Motion to Transfer Venue, (Dkt. #16), further indicate that significant judicial resources have yet to be expended. On these bases, the second factor supports a stay.

### C.

Finally, the Court finds that the simplification of issues weighs in favor of a stay. The PTO is adjudicating the validity of multiple claims in the '038 patent. In this regard, the PTO's reexamination of claims 1–6, 10–28, and 32–45 could substantially narrow the asserted claims here. The third factor also favors granting a stay.

For these reasons, a stay is warranted.

### IV. CONCLUSION

It is therefore **ORDERED** that all proceedings here, including all deadlines and hearings, are **STAYED** pending the PTO's final decision in the ex parte reexamination of U.S. Patent No. 9,032,038.

It is further **ORDERED** that the parties file a joint status report every ninety days, beginning no later than **July 8, 2025**, detailing all developments in this case and the PTO proceedings. Upon completion of the reexamination, the parties shall notify the Court within fourteen days, and the Court will schedule a status conference to determine further proceedings, including the resolution of

Darktrace's Motion to Dismiss, (Dkt. #14), and Motion to Transfer Venue. (Dkt. #16).

**So ORDERED and SIGNED this 9th day of April, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE